**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Javier Molina-Perez, | No. CV-26-01988-PHX-KML (MTM) |
| Petitioner, | **ORDER** |
| v. | |
| Christopher McGregor, et al., | |
| Respondents. | |

Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) challenging his immigration detention. Petitioner argued he entered the United States without inspection in 1991, and he was placed in removal proceedings in 2013. (*Id.* at 1.) In 2015, Petitioner was released on bond, and his removal proceedings were administratively closed. (*Id.*) Petitioner was redetained on December 15, 2025, without notice or an opportunity to respond. (*Id.* at 2.) The Court ordered Respondents to show cause why the Petition should not be granted and cited a series of cases concluding individuals in Petitioner's circumstances are entitled to a pre-deprivation hearing prior to any rearrest or detention as a matter of due process. (Doc. 5 at 2.)

Respondents responded to the OSC but did not respond to Petitioner's argument that he was entitled to a pre-deprivation hearing following his release on bond and the termination of removal proceedings. (Doc. 7.) Rather, Respondents submitted their standard argument regarding applicants for admission being subject to mandatory detention no matter how long they have lived in the United States. (*Id.*)

In submitting their response, Respondents failed to respond to the issues raised in the Order to Show Cause or explain the basis for Petitioner's redetention following release on bond and termination of his removal proceedings.  In so doing, Respondents have waived any challenge to Petitioner's due process claim that he was entitled to a pre-deprivation hearing before being redetained.  *United States v. Kimble*, 107 F.3d 712, 715 n.2 (9th Cir. 1997) ("[B]ecause this argument was not coherently developed in his briefs on appeal, we deem it to have been abandoned.").  The Petition will therefore be granted, and Petitioner will be ordered released from custody immediately.  *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("The typical remedy for [unlawful] detention is, of course, release."); *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he traditional function of the writ is to secure release from illegal custody.").

**IT IS THEREFORE ORDERED** Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted**.

**IT IS FURTHER ORDERED** Respondents must immediately release Petitioner from custody under the same conditions that existed before his redetention.

**IT IS FURTHER ORDERED** Respondents must provide a notice of compliance within two business days of Petitioner's release.

**IT IS FINALLY ORDERED** any pending motions are denied as moot and the Clerk of Court shall enter judgment in Petitioner's favor and close this case.

Dated this 31st day of March, 2026.

_____
**Honorable Krissa M. Lanham**
**United States District Judge**

- 2 -