**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Javier Molina-Perez,

Petitioner,

v.

Christopher McGregor, et al.,

Respondents.

No. CV-26-01988-PHX-KML (MTM)

**ORDER**

Six months ago, the court granted petitioner Javier Molina-Perez's petition for a writ of habeas corpus, ordering that he be "immediately release[d] . . . from custody under the same conditions that existed before his redetention." (Doc. 8 at 2.) Molina-Perez later filed a motion to enforce that order because although he had been released, respondents were requiring check-ins and restrictions on travel that had not previously been conditions on his release and had failed to release certain identification documents. (Doc. 11.) Respondents failed to respond to the motion, so on October 7, 2026, the court ordered them to file a response on or before October 14, 2026. (Doc. 12.) They did not do so.

In failing to respond to the motion or the court's order, respondents have waived any challenge to the relief Molina-Perez seeks. *See* D. Ariz. Local Rule 7.2(i) ("[I]f the [opposing party] does not serve and file the required answering memoranda, . . . such noncompliance may be deemed a consent to the denial or granting of the motion and the court may dispose of the motion summarily."); *Altman v. Cnty. of Santa Clara*, No. 21-15602, 2023 WL 33345, at *2 (9th Cir. Jan. 4, 2023) (failure to raise an argument in

supplemental briefing may constitute a waiver); *Walsh v. Nevada Dep't of Hum. Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) (party who previously made claim but fails to respond to argument undermining it has "effectively abandoned" it and "cannot raise it on appeal"). Accordingly, Molina-Perez's motion to enforce is granted as to the substantive relief it seeks, and it is otherwise denied.

**IT IS THEREFORE ORDERED** petitioner's motion to enforce (Doc. 11) is **granted** in part. Within **seven days of the date this order is docketed**, respondents must ensure all conditions of petitioner's release conform to those that existed prior to his detention, including that no check-ins or restrictions on travel outside of Arizona are required.

**IT IS FURTHER ORDERED** within **seven days of the date this order is docketed**, respondents must return petitioner's driver's license and work authorization card to petitioner.

Dated this 19th day of October, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**